IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CR-83-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| DEMETRIUS LAMONT HARRISON | ) | |
| | ) | |

This matter is before the Court on defendant's motion for nine months of custody credit. The government has responded to the motion by filing a motion to dismiss. Defendant has responded to the motion to dismiss and the matters are ripe for ruling. For the reasons discussed below, defendant's motion is denied.

BACKGROUND

Defendant was originally sentenced by this Court in 2001 to a term of 180 months' imprisonment after he pled guilty to possession with intent to distribute at least fifty grams of cocaine base in violation of 21 U.S.C. § 841. [DE 16; 5:01-CR-18-B0]. In June 2005, defendant's sentence was reduced to seventy-five months' imprisonment. *Id.* at [DE 26]. Following its grant of a motion for revocation of supervised release and finding that defendant had engaged in criminal conduct while serving his term of supervised release, the Court sentenced defendant to an additional term of forty-six months' imprisonment. *Id.* at [DE 37].

In December 2007, defendant pled guilty to a two count criminal superseding information charging conspiracy to distribute and possess with intent to distribute more than fifty grams of cocaine base and distribution of more than five grams of cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1). [DE 20; 5:07-CR-83-BO]. Defendant was sentenced on April 15, 2008, to a term of 168 months' imprisonment on each count, concurrent, and which sentence was to run

consecutive to defendant's forty-six month term of imprisonment in case No. 5:01-CR-18-BO. *Id.* at [DE 23].

In November 2013, defendant's motion pursuant to 28 U.S.C. § 2255 based on the vacatur of a prior sentence was granted [DE 36; 5:07-CR-83-BO], and defendant was resentenced to 112 months' imprisonment. *Id.* at [DE 45-1]. In June 2015, defendant's sentence was subsequently reduced to 100 months' imprisonment pursuant to 18 U.S.C. § 3582 based on a retroactive reduction in defendant's Guidelines range. *Id.* at [DE 51].

Defendant filed the instant motion seeking nine months of creditable time in custody, which would make his current sentence ninety-one months' imprisonment. Defendant contends that this Court has in the past handed down sentences at the bottom of defendant's advisory Guidelines range, that nine months were taken from the bottom of the Guidelines range when the Court sentenced defendant to 112 months' imprisonment in light of the vacatur of a prior conviction for which defendant's § 2255 motion was granted, and that nine months should be deducted from defendant's current 100 month sentence.

## DISCUSSION

A court "may not modify a term of imprisonment once it has been imposed except" under limited circumstances. 18 U.S.C. § 3582(c). None of those circumstances is present here. The government has not filed a motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure, the Director of the Bureau of Prisons has not made a motion on defendant's behalf, nor has the Sentencing Commission lowered the sentencing range upon which defendant's current sentence is based. *Id.* There has further been no appeal which would result in modification of defendant's sentence. 18 U.S.C. § 3582(b)(3).

2

As to defendant's specific argument concerning a reduction in his sentence of nine months, the Court would note that insofar as the Court reduced defendant's sentence from 168 months to 112 months[1] to account for the fact that defendant's revocation sentence of 46 months did not reflect the vacatur of his prior conviction, defendant's aggregate sentence has been reduced to reflect any adjustment the Court deemed appropriate. Defendant's contention that he should receive an additional adjustment of nine months is without merit, and the Court lacks any basis for doing so.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE 64] is GRANTED and defendant's motion for nine months of credit [DE 54] is DISMISSED.

SO ORDERED, this 27 day of October, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] Defendant contends that his advisory Guidelines range was 121 to 151 months' imrprisonment based on a criminal history category of IV.

3